EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Pedro Rosselló González<br><br>Peticionario | Certiorari<br><br>2007 TSPR 28<br><br>170 DPR \_\_\_\_ |

Número del Caso: CC-2007-0091

Fecha: 20 de febrero de 2007

Tribunal de Apelaciones:

      Región Judicial San Juan, Panel III

Juez Ponente:

      Hon. José A. Morales Rodríguez

Abogado de la Parte Peticionaria:

      Lcdo. Harry N. Padilla Martínez

Oficina del Procurador General

      Lcdo. Salvador J. Antonetti Stutts
      Procurador General

Materia: Arts. 166 (a) y 271 del Código Penal de 1974 y Art. 3.2 (c) de la Ley de Ética Gubernamental

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                          CC-2007-91      CERTIORARI

Pedro Rosselló González

    Peticionario

RESOLUCIÓN

San Juan, Puerto Rico, a 20 de febrero de 2007

    El peticionario Pedro Rosselló González recurre de la decisión del Tribunal de Apelaciones que confirmó la decisión del Tribunal de Primera Instancia denegando su solicitud de que se le entregue, antes de la celebración de la vista de determinación de causa para arresto en alzada bajo la Regla 6(c) de Procedimiento Criminal, evidencia alegadamente exculpatoria.

    En esencia el peticionario sostiene que en esta etapa procesal tiene derecho a que se le entregue una declaración jurada que prestó el convicto José A. Acevedo Martínez el 29 de diciembre de 2005, cuando fue entrevistado por el Ministerio Público en el proceso investigativo del caso de autos. El peticionario sostiene que dicha declaración constituye "prueba exculpatoria" que el Estado tiene la obligación de entregarle antes de la celebración de la vista al amparo de las disposiciones de la Regla 6 (c) de Procedimiento Criminal.

    Del propio recurso presentado por el peticionario se desprende que el Ministerio Público no ha incluido en la denuncia, como testigo, a José A. Acevedo Martínez. Por lo tanto, Acevedo Martínez no puede ser considerado como "testigo de cargo" con todas las

connotaciones, consecuencias y derechos que ello, de ordinario, conlleva. El convicto Acevedo Martínez es <u>meramente</u> un ciudadano que el Ministerio Público entrevistó durante la investigación que llevó a cabo en este caso y a quien se le tomó una declaración jurada.

Aunque el Estado en su escrito en oposición sostiene que "nada de lo expresado por el convicto José Acevedo Martínez durante la etapa de investigación constituye prueba exculpatoria", como el Ministerio Público no lo ha incluido como "testigo de cargo", no existe impedimento jurídico alguno para que el peticionario lo entreviste e incluso lo pueda utilizar como testigo de defensa en la vista de causa probable para arresto en alzada bajo la Regla 6 de Procedimiento Criminal. El peticionario tiene conocimiento de esta información y así lo reconoce en su recurso en el que incluye una copia del documento suscrito el 2 de octubre de 2006 por el Fiscal Alberto Valcárcel. Además, sostiene que de este último documento se desprende que "Acevedo Martínez no aportó información importante … ni ofreció información adicional en términos de cómo se expidió la determinación de AMSSCA".

En vista de lo anteriormente expuesto, e independientemente de lo alegado por el peticionario de que la declaración jurada de Acevedo Martínez pueda constituir prueba exculpatoria en el caso, el reclamo del peticionario de que se le ordene al Ministerio Público que entregue dicha declaración jurada es inmeritorio porque Acevedo Martínez puede ser entrevistado por la defensa y utilizado como testigo en la vista antes mencionada.

En estas circunstancias, la petición presentada en este caso es totalmente innecesaria. Igualmente innecesaria es la solicitud del peticionario de que se paralice la vista pautada para el 22 de febrero.

Por ende, se deniegan tanto la moción en auxilio de jurisdicción como la petición de certiorari y se devuelve inmediatamente el caso al Tribunal de Primera Instancia para la continuación de la vista según previamente señalada.

La presente Resolución deberá ser notificada por fax, por la vía ordinaria y la telefónica.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Voto Particular. El Juez Asociado señor Rivera Pérez "expediría el auto de Certiorari y revocaría lo determinado por el Tribunal de Apelaciones y el Tribunal de Primera Instancia. Devolvería el asunto al Tribunal de Primera Instancia, para que en cámara y con

participación de ambas partes, la Jueza que preside, examine la prueba reclamada como exculpatoria y que es objeto de la controversia de autos, y determine si la misma es de naturaleza exculpatoria o no. De otra forma el Ministerio Público sería juez y parte, sobre la definición y determinación de lo que constituye prueba exculpatoria, que está bajo su exclusiva posesión y control." La Juez Asociada señora Rodríguez Rodríguez está inhibida.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                  CC-2007-91
Certiorari

Pedro Rosselló González

    Peticionario

Voto Particular emitido por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 20 de febrero de 2007.

Coincido con el dictamen mayoritario en cuanto a negar en esta etapa de los procedimientos la petición en cuestión del señor Rosselló González. Quiero hacer hincapié, sin embargo, sobre una razón particular en que se basa mi voto, además de las señaladas en la Resolución del Tribunal.

En el pasado, personas con el mismo interés del señor Rosselló González han deseado lograr del foro judicial declaraciones juradas como las que ahora desea obtener Rosselló González. No las han conseguido, por las razones correctamente señaladas en la Resolución del Tribunal. Siendo una medida que no ha estado disponible para otras personas igualmente interesadas, los más elementales

principios de trato igual nos obligan a denegar la solicitud de Rosselló González. No podemos otorgarle a él privilegios que más nadie en el país ha tenido.

Jaime B. Fuster Berlingeri
Juez Asociado
